Edward **HUTSON**, a minor, By Mary **HUTSON**, his parent and natural guardian, and Mary Hutson, individually, Plaintiffs,

v.

Kenneth **BELL**, Defendant.

No. 88 C 7607.

United States District Court, N.D. Illinois, E.D.

Dec. 16, 1988.

Louis S. Elovitz, Melvin B. Lewis, Rotman, Medansky & Elovitz, Ltd., Chicago, Ill., for plaintiffs.

James J. Ryan, Robert W. Barber, City of Chicago, Dept. of Law, Judson H. Miner, Corporation Counsel's Office, City of Chicago, Department of Law, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This case comes before the court on defendant Kenneth Bell's Motion to Dismiss Count II of the plaintiff's complaint. For the following reasons, the defendant's motion is denied.

## DISCUSSION

The complaint alleges that the defendant shot Edward Hutson in the head after arresting Hutson and taking him into custody. The gunshot wound allegedly caused severe and permanent injury. The plaintiff and mother of Edward Hutson, Mary Hutson, contends in Count II that due to the injury of her son, she has been deprived of a constitutionally protected liberty interest in the continued society of her son, and that this deprivation is compensable under 42 U.S.C. § 1983. The defendant has moved to dismiss this count of the plaintiff's complaint, arguing that since Illinois does not recognize an action by a parent for loss of society arising from a non-fatal injury to a child, the plaintiff has no cause of action under Section 1983. *Dralle v.*

*Ruder,* 124 Ill.2d 61, 124 Ill.Dec. 389, 529 N.E.2d 209 (1987).

In resolving the inconsistencies between state and federal law, the court must consider federal statutes and constitutional provisions along with the policies expressed in them. State law then must yield to federal law if the state law is inconsistent with the meaning and purpose of federal statutory and constitutional law. *Bell v. City of Milwaukee,* 746 F.2d 1205, 1242 (7th Cir.1984). Therefore, this court will first consider whether the plaintiff/mother possesses a constitutional liberty interest in relationship with her child. Then, assuming a constitutional liberty interest exists, the court will examine the Illinois law and determine whether it is inconsistent with federal law and therefore inapplicable.

The United States Supreme Court has not yet ruled on whether a parent has a liberty interest in the continued association of a child, protected from unlawful state interference by the due process clause of the Fourteenth Amendment in the context of a 1983 injury or death action. However, the Supreme Court has repeatedly emphasized the importance of the parent-child relationship and has considered a parent's right to the companionship, care, custody and management of his or her children to be a fundamental right. *Santosky v. Kramer,* 455 U.S. 745, 785, 102 S.Ct. 1388, 1411, 71 L.Ed.2d 599 (1982); *See also Meyer v. Nebraska,* 262 U.S. 390, 43 S.Ct. 625, 67 L.Ed. 1042 (1923); *May v. Anderson,* 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1953); *Prince v. Massachusetts,* 321 U.S. 158, 64 S.Ct. 438, 88 L.Ed. 645 (1944).

In addition, the Seventh Circuit has consistently voiced the significance of the parent-child relationship. *See Bell,* 746 F.2d 1205 (7th Cir.1984) (Due process clause protects parent's liberty interest in parent-child relationship) citing *Ellis v. Hamilton,* 669 F.2d 510, 512 (7th Cir.1982) *cert. denied,* 459 U.S. 1069, 103 S.Ct. 488, 74 L.Ed. 2d 631 (1982); *Drollinger v. Milligan,* 552 F.2d 1220, 1226–1227 (7th Cir.1977). *See also Sherrod v. Berry,* 827 F.2d 195 (7th Cir.1987) (parent-child relationship is a liberty interest protected by the Fourteenth

Amendment) *rev'd and remanded on other grounds on reh'g en banc*, 856 F.2d 802 (7th Cir., 1988). In fact, the Seventh Circuit recognized a parent's right to recover under Section 1983 for the unlawful breach of the parent-child relationship by virtue of the child's death. *Bell*, 746 F.2d 1205 (7th Cir.1984). Moreover, the Seventh Circuit upheld a grandfather's claim under Section 1983 where the state of Indiana imposed probation conditions upon his daughter-in-law which deprived him of his constitutionally protected interest in the care and development of his grandchild. *Drollinger v. Milligan*, 552 F.2d 1220 (7th Cir.1977). Finally, the Ninth Circuit, relying on *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972), held that a mother had a cause of action under Section 1983 where officials acting under color of state law unreasonably denied the mother custody of her child.

We believe that this case law which recognizes a liberty interest in the parent-child relationship and extends protection to this liberty interest supports a conclusion that a parent may bring an action under Section 1983 for loss of society when his or her child has been injured. Although the defendant would like us to distinguish between fatal and non-fatal injuries, we cannot do so. The parent-child relationship is a liberty interest protected by the Due Process Clause of the Fourteenth Amendment and that relationship is the same and warrants protection whether a child has died, has been taken from a parent's custody or has been injured. The jury must determine the degree to which the relationship has been affected. This court finds the language of the Arizona Supreme Court, which held that no meaningful distinction can be drawn between death and severe injury where consortium is concerned, to be particularly instructive on this point:

> It is easy to see that the loss of a child through his death takes from his parents the society and companionship that is the existence of the lost relationship. But consider the magnitude of the loss of society and compansionship that occurs when a normal [child] is suddenly reduced to a blind, nearly deaf, partially paralyzed child with a mental age of three. The parental expectations for the continuation of the family relationship are the same in either case. That the parents still have their son to love and care for is a factor to consider in determining the extent of their loss, but does not negate the loss. They have sustained a genuine loss in the nature of the society and companionship they can anticipate receiving from their son as a consequence of his injuries. Perhaps the loss of companionship and society experienced by the parents of a child permanently and severely injured ... is in some ways even greater than that suffered by parents of a deceased child. Not only has the normal family relationship been destroyed, as when a child dies, but the parent is also confronted with his loss each time he is with the child and experiences again the child's diminished capacity to given comfort, society, and companionship.

*Frank v. Superior Court*, 150 Ariz. 228, 230, 722 P.2d 955, 957 (1986).

Accordingly, we find that the holding of the Illinois Supreme Court in *Dralle*, 124 Ill.2d 61, 124 Ill.Dec. 389, 529 N.E.2d 209 (1987), when does not allow for parent to recover for loss of society which his child has been injured, is inconsistent with the policy which supports a cause of action under Section 1983 in the instant case. Thus, this court disregards the *Dralle* decision and holds that the plaintiff has stated a cause of action under 42 U.S.C. § 1983. Therefore, the defendant's motion to dismiss Count II is denied.

With respect to the plaintiff's reference to the First, Fifth and Sixth Amendments, both parties agree that the plaintiff has not stated a claim under these Amendments. In addition, the plaintiff has not stated a claim under the equal protection clause of the Fourteenth Amendment. Accordingly, the court will strike any references made to these Amendments or sections thereof from the face of the complaint.